**William L. O'QUINN, Plaintiff–Appellant,**

v.

**Leslie A. BACA, Defendant–Appellee.**

**No. 09CA0388.**

Colorado Court of Appeals,
Div. I.

Jan. 7, 2010.

Rehearing Denied April 1, 2010.

William L. O'Quinn, Denver, Colorado, for Plaintiff–Appellant.

George D. Browning & Associates, Thomas M. Henson, Westminster, Colorado, for Defendant–Appellee.

Opinion by Judge DAILEY.

In this personal injury action, plaintiff, William L. O'Quinn, appeals that part of the trial court's judgment awarding costs to defendant, Leslie A. Baca. We affirm.

O'Quinn was crossing a street when he was hit by a car driven by Baca. After he filed the present action against Baca for negligence, she timely offered, pursuant to section 13–17–202(1)(a)(II), C.R.S.2009, to settle the case for $75,000. O'Quinn rejected the offer, after which the matter proceeded to trial, where the jury returned a verdict awarding him damages in the amount of $54,000.

After including prejudgment interest and O'Quinn's costs, the trial court calculated O'Quinn's final judgment to be $70,434.71. Because that figure did not exceed Baca's $75,000 offer of settlement, the trial court ordered O'Quinn to pay Baca's costs (i.e., $25,721.55) pursuant to sections 13–17–202 and 13–16–105, C.R.S.2009.

On appeal, O'Quinn contends that the offer of settlement statute, section 13–17–202, is unconstitutional because it (1) impermissibly intrudes upon the rule-making authority of the Colorado Supreme Court; (2) reduces, without due process of law, the judgment to which he would otherwise be entitled; (3) violates equal protection; and (4) amounts to "special legislation" favoring insurance companies and Republicans.

We decline to address these assertions, because, so far as we can tell, they were not properly preserved for review.

"We do not entertain challenges to the constitutionality of a statute raised for the first time on appeal." *Giguere v. SJS Family Enterprises, Ltd.*, 155 P.3d 462, 470 (Colo.App.2006); *see also City & County of Denver v. Desert Truck Sales, Inc.*, 837 P.2d 759, 765 (Colo.1992) ("Challenges to the constitutionality of a statute, which are not properly preserved for review in the trial court, should not be considered for the first time on appeal."); *Manka v. Martin*, 200 Colo. 260, 264, 614 P.2d 875, 877 (1980) ("Questioning the constitutionality of a statute for the first

time in an appellate brief will not successfully raise the issue for review...").

C.A.R. 28(k) requires:

For each issue raised on appeal, the party raising such issue must provide, under a separate heading placed before discussion of the issue ... a citation to the precise location in the record where the issue was raised and ruled on.... For each issue, the responding party must provide, under a separate heading placed before discussion of the issue, a statement of whether such party agrees with the opponent's statement[ ] concerning ... preservation for appeal, and, if not, why not.

Here, although both parties certified that they complied with this rule, they do not direct us in their principal briefs to a place in the record on appeal where the constitutionality of the offer of settlement statute was raised and ruled upon.

We note that, in his reply brief, O'Quinn for the first time alludes to having generically raised "constitutional issues" in post-trial motions in the trial court. However, the motions to which he refers are not part of the record presented to us on appeal. *See Scoular Co. v. Denney*, 151 P.3d 615, 617 (Colo.App.2006) (an appellant is responsible for providing adequate record to support his or her claims of error); *People v. Saathoff*, 837 P.2d 239, 240–41 (Colo.App.1992) ("[I]t is an appellant's responsibility to designate an adequate appellate record and to ensure its proper transmission to the appellate court.").[1]

■ "We expect counsel to read, be familiar with, and comply with the Colorado Appellate Rules." *Patterson Recall Comm., Inc. v. Patterson*, 209 P.3d 1210, 1220 (Colo. App.2009); *see also Fisher v. Krajewski*, 873 F.2d 1057, 1068 (7th Cir.1989) ("It goes without saying that we expect and are entitled to strict compliance with the appellate rules of procedure.").

Those rules are not mere technicalities; they have a purpose:

[R]easonable adherence to clear, reasonable and known rules of procedure is essential to the administration of justice.... [T]he administration of justice involves not only meticulous disposition of the conflicts in one particular case but the expeditious disposition of hundreds of cases. If the courts must stop to inquire where substantial justice on the merits lies every time a litigant refuses or fails to abide the reasonable and known rules of procedure, there will be no administration of justice. Litigants must be required to cooperate in the efficient disposition of their cases.

*United States v. Seigel*, 168 F.2d 143, 146 (D.C.Cir.1948) (footnote omitted); *see also United States v. Sun*, 2009 WL 4068439, * 1 n. 1 (10th Cir.2009) (unpublished opinion) ("adherence to the Federal Rules of Appellate Procedure is intended to assist us in best considering arguments on appeal and disposing of issues and cases with judicial economy"); *N/S Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145, 1146 (9th Cir.1997) ("[Judicial] resources are limited. In order to give fair consideration to those who call upon us for justice, we must insist that parties not clog the system by presenting us with a slubby mass of words rather than a true brief. Hence we have briefing rules."); *Kushner v. Winterthur Swiss Ins. Co.*, 620 F.2d 404, 406 (3d Cir.1980) ("rules relating to the contents of briefs and appendices" "were drafted with a view toward assisting the processing of the geometric increase of cases in this court in the past couple of decades").

■ The purpose underlying the quoted part of C.A.R. 28(k) is to relieve courts from the burden of having to search records to determine whether (and, if so, how) issues had been raised and resolved in the trial courts. By failing to direct this court to the place(s) in the record where issues were raised and resolved, appellants place the burden of searching records on us. We are, however, under no obligation to undertake such a search, *see Vancura v. Katris*, 391 Ill.App.3d 350, 330 Ill.Dec. 1, 907 N.E.2d 814, 838 (2008) (*appeal allowed* Sept. 30, 2009),

---

1. In addition, the motions to which O'Quinn refers appear to have been filed months after this appeal was taken.

and parties "should not 'expect the court to peruse the record without the help of pinpoint citations.'" *L.S.F. Transp., Inc. v. NLRB,* 282 F.3d 972, 975 n. 1 (7th Cir.2002) (quoting *Day v. N. Indiana Pub. Serv. Corp.,* 164 F.3d 382, 384 (7th Cir.1999)).

Nonetheless, we elect to examine the 834–page record presented on appeal, which consists of the pleadings, motions, responses, orders, experts' reports, and other documents filed with or by the court before the appeal was taken. Having thoroughly examined that record, we find no indication that O'Quinn presented to the trial court any constitutional challenge to the validity of section 13–17–202.

Because the record fails to reflect that O'Quinn raised before the trial court the constitutional attacks he now raises on appeal to the validity of section 13–17–202, we decline to consider them.

The judgment is affirmed.

Judge TAUBMAN and Judge BOORAS concur.