23CA0630 V&H v Beardsley 08-14-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA0630
Jefferson County District Court No. 19CV221
Honorable Tamara S. Russell, Judge

V&H Development Co., LLC,

Plaintiff-Appellee and Cross-Appellant,

v.

Craig Beardsley, Beardsley Construction & Development, Inc., and Beardsley Enterprises LLC,

Defendants-Appellants and Cross-Appellees.

JUDGMENT AFFIRMED

Division VI
Opinion by JUDGE WELLING
Brown and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 14, 2025

Fox Rothschild LLP, Spencer L. Sears, Risa B. Brown, Esther H. Lee, Denver, Colorado, for Plaintiff-Appellee and Cross-Appellant

Martin Hild, P.A., Ll. Rhyddid Watkins, Codi K. Cox, Aurora, Colorado, for Defendants-Appellants and Cross-Appellees

¶ 1     Defendants, Craig Beardsley, Beardsley Construction & Development, Inc., and Beardsley Enterprises LLC (collectively, the Beardsley Defendants), appeal the judgment in favor of plaintiff, V&H Development Co., LLC (V&H), on V&H's negligent misrepresentation and breach of contract claims.  V&H, in turn, cross-appeals its award of damages and the trial court's denial of its motion to amend.  We affirm the judgment.

## I.     Background

¶ 2     In 2015, V&H purchased an undeveloped lot with the intention of building a single-family home.  V&H hired Beardsley Construction (succeeded by Beardsley Enterprises) to act as the builder and general contractor for the project.  Craig Beardsley and his son, Matthew Beardsley, own Beardsley Enterprises.  V&H never entered into a formal written agreement with Beardsley Construction or Beardsley Enterprises, but the parties agree that they formed a contract.

¶ 3     In 2017, while construction of the home was ongoing, the Beardsley Defendants were either fired from or quit the project.  At the time the Beardsley Defendants ended their work on the project, most of the construction was complete, with the exception of some

1

punch list items. And in 2018, V&H sold the home to Christopher and Svetlana Martie (the Homeowners).

¶ 4     In 2019, V&H brought suit against the Beardsley Defendants (the 2019 action) alleging that they were liable for damages because of project delays, cost overruns, and defects with the HVAC system. V&H asserted the following claims against Craig Beardsley: intentional misrepresentation of project completion schedule and estimated project costs, intentional misrepresentation and nondisclosure of project invoicing, and negligent misrepresentation of project completion schedule and project costs. V&H asserted the following claims against Beardsley Construction and Beardsley Enterprises: breach of contract, construction defects, and unjust enrichment. V&H later filed a motion to amend its complaint to add new claims and defendants, but the court denied the motion. V&H also withdrew its intentional misrepresentation and construction defect claims, and the trial court later entered judgment dismissing those claims with prejudice.

¶ 5     In 2023, the court held a five-day jury trial on the breach of contract and negligent misrepresentation claims. V&H's unjust enrichment claim wasn't presented to the jury because it was an

2

equitable claim. The jury found against (1) Beardsley Enterprises on the breach of contract claim in the amount of $78,207.51; (2) Beardsley Construction on the breach of contract claim in the amount of one dollar; and (3) Craig Beardsley on the negligent misrepresentation claim in the amount of one dollar. The Beardsley Defendants filed a motion for directed verdict and later a motion for judgment notwithstanding the verdict (JNOV), both of which were denied. V&H filed a post-trial motion for additur or, alternatively, a new trial on damages, which the court also denied.

## II.     Analysis

¶ 6     On appeal, the Beardsley Defendants contend that the judgment against them should be reversed because V&H (1) raised construction defect claims without complying with the Construction Defect Action Reform Act (CDARA); (2) failed to prove its breach of contract claim; (3) failed to prove its negligent misrepresentation claim; and (4) failed to prove damages associated with its negligent misrepresentation claim. On cross-appeal, V&H contends that the trial court erroneously (1) denied its motion for additur; (2) declined to give the jury its proposed instruction on multiple claims and

double recovery; and (3) denied its motion to amend its complaint and its motion to reconsider.

¶ 7    To cogently analyze the issues presented by the Beardsley Defendants in their appeal and by V&H in its cross-appeal, we must first address the parties' failure to comply with the Colorado Appellate Rules, which impairs and necessarily constrains our review of their respective contentions. We then address V&H's contentions that the trial court erred by failing to instruct the jury that it would ensure there wouldn't be double recovery if verdicts were entered in favor of V&H on multiple claims and by denying V&H's motion to amend its complaint and its motion to reconsider that denial.

A.    The Parties' Noncompliance with the Colorado Appellate Rules

¶ 8    The Beardsley Defendants and V&H have failed to comply with the Colorado Appellate Rules. Most glaring among these failures is the omission of two of the five days of trial transcripts from the record on appeal — meaning we have a woefully incomplete picture of what evidence was or wasn't presented at trial. As discussed more fully below, these failures impair our ability to fully address the merits of the Beardsley Defendants' contentions that V&H

(1) couched a construction defect claim as a breach of contract claim without complying with the CDARA; (2) failed to sufficiently prove its breach of contract claim; and (3) failed to properly prove its negligent misrepresentation claim — or any associated damages — against Craig Beardsley. The failures also affect our review of V&H's assertion that the trial court erred by denying its motion for additur.

### 1. Legal Principles

¶ 9 It's expected that counsel is familiar with and complies with the Colorado Appellate Rules. *O'Quinn v. Baca*, 250 P.3d 629, 631 (Colo. App. 2010). The Colorado Appellate Rules aren't "mere technicalities." *Id.* And adherence to these procedural rules "is essential to the administration of justice." *Id.* (quoting *United States v. Seigel*, 168 F.2d 143, 146 (D.C. Cir. 1948)).

> [T]he administration of justice involves not only meticulous disposition of the conflicts in one particular case but the expeditious disposition of hundreds of cases. If the courts must stop to inquire where substantial justice on the merits lies every time a litigant refuses or fails to abide the reasonable and known rules of procedure, there will be no administration of justice. Litigants must be required to cooperate in the efficient disposition of their cases.

5

*Id.* (quoting *Seigel*, 168 F.2d at 146).

¶ 10    Colorado Appellate Rule 10 requires an appellant to "include in the record transcripts of all proceedings necessary for considering and deciding the issues on appeal." C.A.R. 10(d)(3); *see also Northstar Project Mgmt., Inc. v. DLR Grp., Inc.*, 2013 CO 12, ¶ 14 (appellant is required to designate "all evidence relevant" to review of the sufficiency of the evidence). If a party asserts error, that party must "affirmatively show" that error occurred. *People v. Duran*, 2015 COA 141, ¶ 11. "[W]hen determining whether the party asserting error has met its burden, a reviewing court must review and consider the entire record and apply the evidence in a manner that will support the judgment." *Id.* But we can't review facts that don't appear in the record; instead we must indulge "[t]he presumption . . . that material portions omitted from the record would support the judgment." *Id.* at ¶ 12; *see also Hock v. N.Y. Life Ins. Co.*, 876 P.2d 1242, 1252 (Colo. 1994) ("An appellate court must presume that the trial court's findings and conclusions are supported by the evidence when the appellant has failed to provide a complete record.").

¶ 11     Furthermore, C.A.R. 28(a)(7)(B) requires that the arguments advanced in an appellant's opening brief contain

> a clear and concise discussion of the grounds upon which the party relies in seeking a reversal or modification of the judgment or the correction of adverse findings, orders, or rulings of the lower court or tribunal, *with citations to the authorities and parts of the record on which the appellant relies.*

(Emphasis added.)  When a party fails to direct us to relevant portions of the record, "appellants place the burden of searching records on us," but "[w]e are . . . under no obligation to undertake such a search," and "parties 'should not "expect the court to peruse the record without the help of pinpoint citations."'"  *O'Quinn*, 250 P.3d at 631-32 (quoting *L.S.F. Transp., Inc. v. NLRB*, 282 F.3d 972, 975 n.1 (7th Cir. 2002)).

### 2.     The Record and Briefing Are Inadequate to Assess the Beardsley Defendants' Claim that V&H Failed to Comply with CDARA

¶ 12     The Beardsley Defendants contend that the trial court erred when it denied their motion for JNOV in which they argued that V&H improperly sought and recovered damages for construction defects without complying with CDARA.  To assess this claim, we must conduct a de novo review of the evidence presented at trial.

7

*See M.G. Dyess, Inc. v. MarkWest Liberty Midstream & Res., L.L.C.*, 2022 COA 108, ¶ 27 (We review de novo a trial court's ruling on a motion for JNOV, and "[m]otions for JNOV should only be granted when, from the standpoint of a reasonable juror, there was no evidence, or inference therefrom, upon which a verdict against the movant could be sustained."). But the Beardsley Defendants only provided us with two days of trial transcripts from a five-day trial.[1] The omitted transcripts appear to include the direct examination of Mike Vahabzadegan, the principal of V&H, among others, who may have testified to the terms of the parties' oral contract. Without the complete record, we can't properly analyze whether V&H was awarded damages for claims that required compliance with CDARA. *See Broomfield Senior Living Owner, LLC v. R.G. Brinkmann Co.*,

---

[1] Based on our review of the record, it appears that this omission was intentional. Although counsel for the Beardsley Defendants initially requested transcripts from all five days of trial, according to a September 26, 2023, affidavit from the court reporter, counsel requested that the court reporter not prepare a transcript for the first two days of the trial. Specifically, in her affidavit, the court reporter stated that, "[u]pon receipt and review of the estimate [of the cost for preparing the designated transcripts], [c]ounsel removed January 9, 2023, and January 10, 2023 and requested we prepare transcripts for 5/13/2021, 5/20/2021, 1/12/2023, and 1/13/2023."

2017 COA 31, ¶ 28 (whether claims fall within CDARA depends on the nature of the allegations).

¶ 13     Additionally, the Beardsley Defendants failed to include pinpoint record citations in their opening brief regarding their contention that V&H recovered damages for construction defect claims without complying with CDARA.  In their answer-reply brief, the Beardsley Defendants included record citations to invoices and emails purportedly showing that V&H recovered for construction defects, but they failed to cite trial testimony discussing the exhibits or showing the admission of the exhibits at trial.  This further impairs our ability to analyze this issue.

¶ 14     Without citations to witness testimony and without the full transcript of the trial, we can't properly review this claim and must conclude that the Beardsley Defendants failed to show that any error occurred.  *See Duran*, ¶¶ 11-12.

3.    The Record and Briefing Are Inadequate to Assess the Beardsley Defendants' Claim that V&H Failed to Prove Breach of Contract

¶ 15     The Beardsley Defendants contend that V&H failed to present sufficient evidence of damages to establish its breach of contract claim because V&H (1) wasn't legally entitled to recover for cost

overruns under the parties' contract, and even if it were, V&H didn't present sufficient evidence to prove any cost overruns or delay damages; (2) waived any right to recover cost overruns as damages for breach of contract; and (3) withheld evidence that would have reduced the damages award, entitling the Beardsley Defendants to remittitur.

¶ 16 Again, the Beardsley Defendants failed to provide the trial transcripts or record citations necessary to support these contentions. Without the full trial transcript and without pinpoint citations to the record, we can't determine V&H's legal entitlement to recover damages, any purported waiver of a legal entitlement to recovery, or whether the jury awarded V&H excess damages. *See In re Estate of Chavez*, 2022 COA 89M, ¶ 35 ("When a jury verdict is challenged on the grounds that it is unsupported by the evidence, we must review the *entire record* to determine whether there is competent evidence from which the jury logically could have reached its verdict.") (emphasis added) (citation omitted). Thus, we can't and won't address the merits of the Beardsley Defendants' arguments that V&H failed to prove damages for breach of contract.

### 4. The Record Is Inadequate to Assess the Beardsley Defendants' Negligent Misrepresentation Claims

¶ 17     The Beardsley Defendants contend that the judgment against Craig Beardsley for negligent misrepresentation must be reversed for three reasons: (1) the negligent misrepresentation claim was improperly based on statements about future performance; (2) V&H failed to prove that Craig Beardsley's estimate fell below the requisite standard of care; and (3) V&H failed to establish damages associated with its negligent misrepresentation claim.

¶ 18     Without the entire trial transcript, we aren't able to determine whether the negligent misrepresentation verdict was based entirely on statements about future performance, whether there was adequate testimony regarding the standard of care for providing cost estimates, whether Craig Beardsley's conduct fell below the standard of care for providing cost estimates, or whether V&H failed to prove damages associated with the negligent misrepresentation claim.  We therefore decline to address the merits of any of the Beardsley Defendants' arguments regarding the propriety of the negligent misrepresentation judgment against Craig Beardsley. Instead, we presume that the omitted portion of the record supports

the judgment on this claim. *See, e.g.*, *In re Marriage of Dean*, 2017 COA 51, ¶ 13 ("Where the appellant fails to provide . . . a transcript, the [appellate] court must presume that the record supports the judgment.").

### 5. The Record Is Inadequate to Assess Whether the Court Erred by Denying V&H's Motion for Additur

¶ 19    V&H contends that the trial court erred by denying its motion for additur. According to V&H, the jury improperly conflated the imposition of nominal damages against Beardsley Construction for its breach of contract claim with the need to award nominal damages for its negligent misrepresentation claim. V&H requests that an additur of $78,207.51 be applied to its negligent misrepresentation claim or, alternatively, that it receive a new trial on the issue of damages.

¶ 20    But V&H doesn't point to anything in the record indicating that it's entitled to more damages than it was awarded. And despite V&H stating in its notice of cross-appeal that all of the trial transcripts were necessary and that it would "ensure that the transcripts are properly and timely designated," V&H failed to provide the transcripts from the first two days of trial for our review.

*See Hock*, 876 P.2d at 1252 ("[T]he moving party will not be permitted to take advantage of its own failure to designate pertinent portions of the transcript as part of the record on appeal."); *Wolven v. Velez*, 2024 COA 8, ¶ 53 n.6 ("It is the obligation of the party asserting error in a judgment to present a record that discloses that error, for a judgment is presumed to be correct until the contrary affirmatively appears." (quoting *Schuster v. Zwicker*, 659 P.2d 687, 690 (Colo. 1983))).

¶ 21 Without citations to record support for V&H's assertion that it is entitled to additional damages and without the entire trial transcript, we can't review whether the jury awarded adequate damages to V&H; instead, we must presume that the trial court's ruling was correct. *See Duran*, ¶¶ 11-12; *cf. McCall v. Meyers*, 94 P.3d 1271, 1272 (Colo. App. 2004) ("A party cannot overcome a deficiency in the record by statements in the briefs."). Thus, we decline to further address whether the trial court erred by denying V&H's motion for additur.

¶ 22 Because the missing trial transcripts aren't necessary for the resolution of V&H's remaining claims and because V&H provided

record citations in compliance with C.A.R. 28 for its remaining contentions, we address them on the merits.

## B. The Trial Court Didn't Err by Declining to Give V&H's Proposed Jury Instruction

¶ 23 V&H contends that the trial court erred by declining to give the jury its proposed instruction regarding double recovery. According to V&H, the trial court's jury instruction on multiple recovery when suing on alternative but duplicative claims for relief "prejudiced [it], invited jury confusion[,] and misled the jury into believing it could award damages for only one of [its] claims — breach of contract or negligent misrepresentation — but not both." V&H contends that its proposed language on double recovery was necessary to ameliorate this confusion. We aren't persuaded.

### 1. Additional Facts

¶ 24 Before trial, the parties agreed that the trial court should give the following instruction modeled after the pattern jury instructions:

> Plaintiff V&H has sued for the same injuries, damages, and losses on both of its claims asserted against the Beardsley Defendants. The claims on which V&H has sued and on which you have been instructed are: 1. Negligent Misrepresentation; and 2. Breach

14

of Contract. If you find for V&H on more than one claim, you may award it damages only once for the same injuries, damages, and losses.

*See* CJI-Civ. 6:14 (2025).

¶ 25 But V&H also proposed that the court include the following additional language in the instruction: "In rendering its judgment on any verdict you return, the Court will ensure that V&H does not recover twice for the same injuries, damages or losses should you return your verdict for V&H and award it damages on one or more of its claims." According to V&H, this additional language was necessary to avoid jury confusion because without it the jury would "be incorrectly led to believe that it could award damages on only one of [its] claims." The Beardsley Defendants objected to the additional proposed language. The trial court agreed that the additional language wasn't necessary and declined to add the proposed language to the instruction it gave the jury.

### 2. Standard of Review and Legal Principles

¶ 26 We review de novo whether jury instructions, as a whole, "accurately inform the jury of the governing law." *Ochoa v. Vered*, 212 P.3d 963, 966 (Colo. App. 2009). But we review the trial court's

15

decision to give a particular jury instruction for an abuse of discretion. *Id.* It isn't error for the trial court to refuse to give an instruction, "even if [it's] correct in legal effect, if the other instructions given adequately inform the jury of the applicable law." *Peterson v. Tadolini*, 97 P.3d 359, 360 (Colo. App. 2004). Generally, when the trial court instructs the jury in a civil case, it should use instructions "contained in the Colorado Jury Instructions that apply to the evidence under the prevailing law." *Ochoa*, 212 P.3d at 966.

### 3. The Trial Court Properly Instructed the Jury on the Law

¶ 27    To begin, we can't discern how the proposed language adds clarity to the instruction the court gave. All that V&H's proposed additional language would have done was inform the jury what the *court* would do with the jury's verdict once rendered; the proposed additional language didn't provide the *jury* with any additional direction with respect to how it was to perform any of its duties or tasks. Thus, we aren't persuaded that the instruction was necessary or that the trial court abused its discretion in declining to include the proposed language.

16

¶ 28    Further, V&H's reliance on *Steward Software Co. v. Kopcho*, 275 P.3d 702 (Colo. App. 2010), *rev'd on other grounds*, 266 P.3d 1085 (Colo. 2011), doesn't persuade us otherwise.  In *Kopcho*, a jury found against Kopcho on claims for civil theft, breach of contract, and breach of fiduciary duty.  275 P.3d at 705.  The jury, however, awarded substantive damages only on the civil theft claim and awarded nominal damages on the remaining claims.  *Id.*  On appeal, a division of this court concluded that the jury instructions "as a whole erroneously prevented the jury from awarding the same damages on all three . . . claims."  *Id.* at 711.  The division stated, "[I]n a case like this one, where a jury finds liability on multiple claims, the jury must be directed to award the same damages on all three claims if the damages are proven as to those claims."  *Id.*

¶ 29    But that's not the instruction that V&H requested.  Its proposed additional language would have simply informed the jury what the court would do in the event the jury awarded duplicate damages on multiple claims.  The proposed language didn't countermand the direction to the jury — which V&H didn't object to — that it may award V&H damages "only once for the same injuries, damages, and losses."  In other words, V&H's proposed language

17

wouldn't have fixed the defect it claims the court's instruction suffered from. And it never requested the sort of instruction contemplated by the *Kopcho* division. *See Vititoe v. Rocky Mountain Pavement Maint., Inc.*, 2015 COA 82, ¶ 60 (errors not brought to the trial court's attention are generally deemed waived and an appellate court won't consider arguments premised on these errors).

### C. The Trial Court Didn't Err by Denying V&H's Motion to Amend Its Complaint

¶ 30    We next address V&H's contention that the trial court erred by denying its motion to amend the complaint and its motion to reconsider. We aren't persuaded.

### 1. Additional Facts

¶ 31    In 2020, soon after V&H filed suit against the Beardsley Defendants, the Homeowners filed suit against V&H (the Homeowner action). In their complaint, the Homeowners alleged that the home suffered from a multitude of construction defects. The Beardsley Defendants weren't named as defendants in the Homeowner action, but V&H filed a motion to consolidate the Homeowner action with its 2019 action against the Beardsley Defendants for the purpose of discovery only, which the trial court

18

granted. In May 2021, the Homeowners settled the Homeowner action with V&H. As part of the settlement agreement, the Homeowners and V&H agreed that the Homeowner action would be dismissed with prejudice and the Homeowners "assign[ed] to V&H any and all claims asserted or that could have [been] asserted" in the 2019 action.

¶ 32 But the litigation in the 2019 action remained ongoing. On August 12, 2021 — approximately three months after settling with the Homeowners — V&H filed a motion to amend its complaint. In its motion, V&H stated that it sought "to add the new action for contribution and as assignee of [the Homeowners]" and to "add additional defendants to this action and identify the additional defects revealed throughout the discovery process." In its proposed amended complaint, V&H sought to add the following claims against the Beardsley Defendants: negligence - construction defects, negligence per se, contribution, and negligent misrepresentation/nondisclosure. V&H further sought to add nine new defendants including Matthew Beardsley and several subcontractors. V&H also asserted approximately thirty additional defects "caused by Beardsley and the new Defendants."

19

¶ 33    The trial court denied V&H's motion to amend the complaint, finding that

> [c]onsolidation of the actions does not make the Beardsley Defendants a party to the [Homeowners'] suit against V&H.  Even though the [Homeowners] assigned all of their claims to V&H in one case, the assignment does not carry over to any other lawsuit involving V&H. V&H should have added the new defendants and claims in [the Homeowner action] or filed a new lawsuit . . . .  The Beardsley Defendants should not be required to be involved in litigation by V&H against subcontractors that may owe V&H for claims assigned to them by the [Homeowners], or for claims that V&H has known about all along and not added until now.

¶ 34    After the court denied its motion to amend, V&H filed a motion requesting that the court reconsider that denial.  The court denied the motion to reconsider.  After the court denied both motions, V&H filed a new action against the Beardsley Defendants and Matthew Beardsley individually in November 2021 (the 2021 action).

### 2.    Legal Principles and Standard of Review

¶ 35    C.R.C.P. 15(a) provides, in relevant part, that "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  The rule reflects "a liberal policy toward timely

20

amendments to pleadings" and "encourages trial courts to look favorably upon motions to amend." *Benton v. Adams*, 56 P.3d 81, 85 (Colo. 2002). But there are numerous grounds on which a trial court may deny a motion to amend a pleading, including "undue delay, . . . undue prejudice to the opposing party, and futility of amendment." *Id.* at 86. When determining whether to grant or deny a party's motion for leave to amend the pleadings, the court must consider the totality of the circumstances and "balanc[e] the policy generally favoring the amendment of pleadings against the burden that granting the amendment may impose on other parties." *Vinton v. Virzi*, 2012 CO 10, ¶ 10.

¶ 36 The decision to grant a party leave to amend "is within the sound discretion of the trial court." *Benton*, 56 P.3d at 85. We review a trial court's decision to deny a party's motion to amend pleadings for an abuse of discretion. *Riccatone v. Colo. Choice Health Plans*, 2013 COA 133, ¶ 47. "A trial court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair" or "when it misconstrues or misapplies the law." *Rinker v. Colina-Lee*, 2019 COA 45, ¶ 29. But if a trial court denies a party

leave to amend on futility grounds, we review that decision de novo. *Schaden v. DIA Brewing Co.*, 2021 CO 4M, ¶ 34.

### 3. The Trial Court's Grounds for Denying the Motion to Amend

¶ 37 It appears from the court's order that it denied V&H's motion to amend for two independent reasons: (1) the proposed amendment would be futile because V&H failed to comply with the statute of limitations contained in section 13-80-104(1)(b)(II), C.R.S. 2024, and (2) the proposed amendment was unduly delayed and prejudicial to the Beardsley Defendants. V&H argues that neither basis survives appellate scrutiny. We conclude that the second one does.

#### a. Futility

¶ 38 To the extent that the trial court denied the motion to amend the complaint on the grounds that either the amendment or claims brought in a future suit would be futile, it erred.

##### i. The Statute of Limitations

¶ 39 Pursuant to section 13-80-104(1)(a), all actions against a contractor "performing or furnishing the design, planning, supervision, inspection, construction, or observation of construction of any improvement to real property" must be brought

22

within the timeline provided in section 13-80-102, C.R.S. 2024, after a claim for relief arises. If a party is bringing a civil action that falls under section 13-80-102, it "must be commenced within two years after the cause of action accrues." § 13-80-102(1). According to section 13-80-104(1)(b)(I), "a claim for relief arises under this section at the time the claimant or the claimant's predecessor in interest discovers or in the exercise of reasonable diligence should have discovered the physical manifestations of a defect in the improvement which ultimately causes the injury."

¶ 40     Notwithstanding this statutory limitation,

> all claims, including, but not limited to indemnity or contribution, by a claimant against a person who is or may be liable to the claimant for all or part of the claimant's liability to a third person:
>
> (A) Arise at the time the third person's claim against the claimant is settled or at the time final judgment is entered on the third person's claim against the claimant, whichever comes first; and
>
> (B) Shall be brought within ninety days after the claims arise, and not thereafter.

§ 13-80-104(1)(b)(II)(A)-(B). While a third-party claim under section 13-80-104(1)(b)(II)(A) doesn't arise until a case is settled or

23

judgment is entered, "such claims may be brought in either (1) the construction defect litigation before a settlement or entry of judgment or (2) a separate lawsuit after a settlement or entry of judgment." *Goodman v. Heritage Builders, Inc.*, 2017 CO 13, ¶ 9.

¶ 41 Further, as relevant here, under CDARA section 13-20-803.5(1)(a), C.R.S. 2024, if a plaintiff is filing suit against a construction professional, they must deliver written notice of the claim to the professional no later than seventy-five days before filing the suit. If a plaintiff properly sends notice to a "construction professional in accordance with section 13-20-803.5 within the time prescribed for the filing of an action under any applicable statute of limitations or repose, then the statute of limitations or repose is tolled until sixty days after the completion of the notice of claim process described in section 13-20-803.5." § 13-20-805, C.R.S. 2024.

ii.   The Statute of Limitations Didn't Bar V&H's Claims

¶ 42 Because V&H settled the Homeowner action on May 20, 2021, neither V&H's motion to amend nor its 2021 action was barred by the statute of limitations. Rather, in accordance with section 13-80-104(1)(b)(II)(A)-(B), V&H's settlement of the Homeowner action

caused a claim for relief to arise and V&H had ninety days from the settlement date (i.e., until August 18, 2021), to bring its new claims against the Beardsley Defendants.

¶ 43    V&H filed its motion to amend the complaint on August 12, 2021. This was within the ninety-day time period established by section 13-80-104(1)(b)(II). Further, it's of no moment that V&H sought to bring the claims in the 2019 action rather than in an entirely new suit. Indeed, section 13-80-104(1)(b)(II)(A)-(B) specifies only that the claims must be brought within ninety days after they arise. The statute is agnostic, however, as to whether that should be done in a separate lawsuit. Under *Goodman,* a party can bring the claims either in the construction defect litigation before a settlement or judgment or in a separate lawsuit after a settlement or judgment. *Goodman,* ¶ 9. In this case, V&H attempted to do just that. While V&H didn't file an entirely separate lawsuit from its original lawsuit against the Beardsley Defendants, it filed new claims arising from the Homeowner action settlement (1) after the settlement and (2) in a lawsuit distinct from the Homeowner action. Thus, the trial court erred in concluding that the contribution

25

claims asserted in the amended complaint were time barred and, therefore, that permitting the amendment would have been futile.

¶ 44    Concluding that the amendment to the complaint would be futile because the claims sought to be added were time barred wasn't the trial court's only error. It also unnecessarily weighed in on whether V&H could bring its contribution claims in a separate action, ruling that "[V&H] has not complied with the requirements of C.R.S. § 13-80-104[](1)(b)(II) by . . . filing a new case against the subcontractors within 90 days of settlement." This conclusion was erroneous because it failed to consider the tolling provision in section 13-20-805.

¶ 45    As noted before, under section 13-20-805, if a notice of claim is sent to a construction professional "within the time prescribed for the filing of an action under *any* applicable statute of limitations or repose, then the statute of limitations or repose is tolled until sixty days after the completion of the notice of claim process described in section 13-20-803.5." (Emphasis added.) According to section 13-20-803.5(1), the notice of claim process first requires that written notice of claim be delivered to a construction professional within a statutorily prescribed timeframe. V&H complied with this

26

requirement and began the notice of claim process against the Beardsley Defendants on July 28, 2021, and against Matthew Beardsley on July 29, 2021, when it sent them letters regarding "Notice of Claim Pursuant to . . . § 13-20-801, *et. seq.*"  Because V&H began this process within ninety days of the settlement, the limitations period was tolled "until sixty days after the *completion* of the notice of claim process."  § 13-20-805 (emphasis added).  And in this case, at least with respect to the Beardsley Defendants, the parties didn't complete the notice of claim process until April 6, 2022, when the Beardsley Defendants informed V&H that they wouldn't offer to settle the repairs.  *See* § 13-20-803.5(6).

¶ 46    Because the notice of claim process didn't conclude until April 6, 2022, the statute of limitations was tolled until sixty days after April 6, 2022, well after V&H filed its 2021 action against the Beardsley Defendants on November 21, 2021.

¶ 47    This doesn't end our analysis of this issue, however.  We next consider the court's alternate independent ground for denying the motion.

### b.    Undue Delay and Prejudice

¶ 48    Delay alone may justify a trial court's denial of a motion for leave to amend "if active case management has occurred to minimize delay." *Benton*, 56 P.3d at 85.  But while a trial court may deny leave to amend based on delay, "delay in seeking an amendment is not a sufficient basis if the other party is not prejudiced." *Wisehart v. Zions Bancorporation*, 49 P.3d 1200, 1208 (Colo. App. 2002).  The record supports the court's finding that V&H unduly delayed its request to amend the complaint and that the delay was prejudicial to the Beardsley Defendants.

¶ 49    In addition to finding that V&H had known about the contribution claim since September 2019 — nearly two years before it asked to amend its complaint to add the contribution claim — the court also found that V&H's motion to amend sought to "add nine new Defendants and approximately [thirty] new claims."  The record supports that V&H sought to assert approximately thirty additional defects, add nine new defendants, and add three new claims against the Beardsley Defendants.  And V&H's request to do so would significantly impact — and certainly delay — a case that, at that point, had been underway for almost two years.  Indeed, by the

time V&H sought leave to amend, discovery had been ongoing in the case, and it had previously been set for trial.

¶ 50　　Given the length of time the parties had been actively litigating, and the likely delay created by the addition of multiple parties and numerous claims, the trial court was within its discretion to deny the motion to amend as unduly delayed and prejudicial. *See Benton*, 56 P.3d at 85 ("If a party seeks leave to amend after substantial progress toward trial has occurred, or if granting leave to amend would significantly delay the progress of the case to trial, a trial court may deny leave to amend if it should have been brought earlier."). And because this basis, standing alone, is sufficient to support the court's decision, the trial court didn't abuse its discretion by denying V&H's motion to amend and its subsequent motion to reconsider.

## III.　Disposition

¶ 51　　The judgment is affirmed.

JUDGE BROWN and JUDGE MOULTRIE concur.