25CA0172 Haubenreiser v Asset Living 12-24-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0172
City and County of Denver District Court No. 23CV759
Honorable Andrew J. Luxen, Judge

---

Jason Haubenreiser,

Plaintiff-Appellant,

v.

Asset Living, LLC,

Defendant-Appellee.

---

APPEAL DISMISSED

Division VII
Opinion by JUDGE LUM
Tow and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 24, 2025

---

Jason Haubenreiser, Pro Se

Bayer & Carey, P.C., Matthew J. Weeber, Peter M. Spiessbach, Denver, Colorado, for Defendant-Appellee

¶ 1 Plaintiff, Jason Haubenreiser, appeals the judgment entered after a jury trial on his claims against defendant, Asset Living, LLC, for breach of contract, breach of the warranty of habitability, and retaliation. He also appeals the district court's order concluding that he was not a prevailing party in the lawsuit. We exercise our discretion to dismiss Haubenreiser's appeal.

## I. Background

¶ 2 Haubenreiser's claims arose out of his tenancy at a Denver apartment complex that Asset Living operated.[1] In a December 2023 amended complaint, Haubenreiser made allegations about the living conditions of his apartment and asserted claims for a breach of the warranty of habitability pursuant to section 38-12-503, C.R.S. 2025; breach of contract; violation of section 38-12-801, C.R.S. 2025, which protects tenants by prohibiting certain

---

[1] Echelon Property Group, LLC, manages the apartment complex in which Haubenreiser resided. Echelon does business as "Asset Living." Asset Living moved to correct the case caption to identify it as "Echelon Property Group, LLC, d/b/a Asset Living." The district court issued an order explaining that "either name may be used interchangeably as it refers to the same entity" but noted that it didn't have the ability to amend the caption. To avoid confusion, we refer to defendant by its name as it appears on the caption.

provisions in rental agreements; and improper retaliation under section 38-12-509, C.R.S. 2025.

¶ 3    Haubenreiser additionally argued that he asserted various claims under federal and state disability, housing, consumer protection, and anti-discrimination laws. However, the district court concluded that his complaint didn't adequately plead those claims and that the trial would consist only of the claims for retaliation, breach of contract, and breach of the warranty of habitability.[2]

¶ 4    At trial, Haubenreiser requested $1 million in general damages. The jury found in favor of Haubenreiser on his claims for breach of contract and breach of the warranty of habitability, and it awarded him $21,518 and $15,000 on those claims, respectively. The jury found in favor of Asset Living on the retaliation claim. In its written order of judgment, the district court declined to award attorney fees and costs because it concluded that "there [wa]s no prevailing party in this matter."

---

[2] The district court also ordered that Haubenreiser's claim regarding prohibited lease provisions under section 38-12-801, C.R.S. 2025, would advance to trial. However, the claim was later dismissed because it was not pleaded in Haubenreiser's amended complaint.

## II.    Haubenreiser's Noncompliant Briefs

¶ 5    Haubenreiser raises nine separate arguments on appeal pertaining to the district court's rulings regarding the parties to the case, discovery, accommodations under the Americans with Disabilities Act, evidence, jury instructions, and damages.  In addition, he asserts that no reasonable jury could have rejected his warranty of habitability claim and that the cumulative effect of the district court's errors warrants reversal.

¶ 6    Haubenreiser's opening brief contains no citations to the record whatsoever, and it doesn't address the preservation of any of his appellate issues.  While Haubenreiser provided limited record citations in his reply brief, many of them don't support his arguments or don't point to the correct portion of the record.  As a result, we are left with no indication of where in the record Haubenreiser's arguments on appeal were brought to the district court's attention or what evidence in the record he relies upon to support his arguments.

¶ 7    The Colorado Appellate Rules "are not mere technicalities, but are designed to facilitate appellate review."  *Cikraji v. Snowberger*, 2015 COA 66, ¶ 10; *O'Quinn v. Baca*, 250 P.3d 629, 631 (Colo. App.

2010). C.A.R. 28(a)(7)(A) provides that opening briefs must specifically indicate "whether the issue was preserved, and *if preserved, the precise location in the record where the issue was raised and where the court ruled.*" (Emphasis added.) Further, C.A.R. 28(a)(7)(B) requires arguments in opening briefs to include "a clear and concise discussion of the grounds upon which the party relies in seeking a reversal . . . of the judgment or the correction of adverse findings, orders, or rulings of the lower court . . . , *with citations to the authorities and parts of the record on which the appellant relies.*" (Emphasis added.); *see also* C.A.R. 28(a)(5) (requiring briefs to include "a concise statement identifying the nature of the case, the relevant facts and procedural history, and the ruling, judgment, or order presented for review, with appropriate references to the record").

¶ 8     The purpose of C.A.R. 28(a)(7)(A) is to "relieve courts from the burden of having to search records to determine whether (and, if so, how) issues had been raised and resolved in the trial courts." *O'Quinn,* 250 P.3d at 631 (referencing a prior version of the rule). Failure to identify where an issue was raised and resolved places the burden of searching the record on the appellate court, and "[w]e

4

are . . . under no obligation to undertake such a search." *Id.*; *see also Brighton Sch. Dist. 27J v. Transamerica Premier Ins. Co.*, 923 P.2d 328, 335 (Colo. App. 1996) ("[I]t is not the duty of the reviewing court to search the record for evidence to support bald assertions."), *aff'd*, 940 P.2d 348 (Colo. 1997).

¶ 9    We expect parties to read, be familiar with, and comply with the Colorado Appellate Rules. *O'Quinn*, 250 P.3d at 631; *People v. Durapau*, 280 P.3d 42, 50 (Colo. App. 2011). Failure to comply with the rules may result in our refusal to consider certain arguments or the dismissal of an appeal. *See* C.A.R. 38(a); *Bruce v. City of Colorado Springs*, 252 P.3d 30, 32 (Colo. App. 2010) ("Ordinarily, we would summarily strike plaintiff's briefs and dismiss the appeal" for failure "to meet the basic requirements of C.A.R. 28."); *Castillo v. Koppes-Conway*, 148 P.3d 289, 291-92 (Colo. App. 2006) (declining to consider the arguments on appeal because the opening brief violated C.A.R. 28).

¶ 10    Even though Haubenreiser is representing himself,[3] he "must comply with procedural rules to the same extent as parties

---

[3] We note that Haubenreiser is a former attorney.

represented by attorneys." *Adams v. Sagee*, 2017 COA 133, ¶ 10. Nonetheless, he failed to appropriately cite to the record in violation of the appellate rules, thereby impairing our ability to review and resolve his appellate contentions. We are not obligated to scour the nearly 3,000 pages of record to determine whether he preserved his appellate arguments, *see O'Quinn*, 250 P.3d at 631, nor are we required to "locat[e] and synthesiz[e] the relevant facts and arguments" in support of his claims, *People v. Duran*, 2015 COA 141, ¶ 20. And given the breadth of Haubenreiser's arguments and extensive nature of the record, his noncompliance with the appellate rules also unfairly hampers Asset Living's ability to respond to his arguments on their merits.

¶ 11  In light of Haubenreiser's substantial noncompliance with C.A.R. 28, we exercise our discretion to dismiss his appeal. *See* C.A.R. 38(a) ("The appellate court may dismiss an appeal . . . for the failure to comply with any of its orders or these appellate rules . . . ."); *Bruce*, 252 P.3d at 32.

### III.   Disposition

¶ 12  The appeal is dismissed.

JUDGE TOW and JUDGE MOULTRIE concur.