COLORADO COURT OF APPEALS     **2017COA133**

Court of Appeals No. 16CA1678
Arapahoe County District Court No. 16CV173
Honorable Phillip L. Douglass, Judge

Harley Adams; Ernest Vigil; and Phyllis Vigil,

Plaintiffs-Appellants,

v.

Arlene Sagee, in her official capacity as the Sheridan City Clerk; Devin Granberry, in his official capacity as the Sheridan City Manager; Dallas Hall, in his official capacity as the Mayor of Sheridan and a member of the City Council; Tara Beiter-Fluhr, in her official capacity as the Mayor Pro Tem of Sheridan and a member of the City Council; David Black, in his official capacity as a member of the Sheridan City Council; Ernie Camacho, in his official capacity as a member of the Sheridan City Council; Sally Daigle, in her official capacity as a member of the Sheridan City Council; Leon Hartness, in his official capacity as a member of the Sheridan City Council; and Gary Howard, in his official capacity as a member of the Sheridan City Council,

Defendants-Appellees.

JUDGMENT AFFIRMED

Division VII
Opinion by JUDGE J. JONES
Fox and Freyre, JJ., concur

Announced October 19, 2017

Cheney Galluzzi & Howard, LLC, Kevin B. Cheney, Timothy C. Galluzzi, Denver, Colorado, for Plaintiffs-Appellants

The Law Office of Steven J. Dawes, LLC, Steven J. Dawes, Denver, Colorado, for Defendants-Appellees

¶ 1    This case presents one question:  Did the district court unconstitutionally apply a filing deadline to this case, which involves citizens pursuing their constitutional right of initiative?  We answer no, and so we affirm the district court's dismissal of the complaint.

## I.  Background

¶ 2    Plaintiffs Harley Adams, Ernest Vigil, and Phyllis Vigil petitioned to present a ballot initiative to the residents of Sheridan.  For various reasons, Sheridan's City Clerk rejected some of the signatures plaintiffs had collected.  That left plaintiffs short of the required number of signatures for the Sheridan City Council and Sheridan voters to consider the initiative.  Plaintiffs contested the decision, and the City Clerk upheld it after a protest hearing.

¶ 3    Thirty-five days after the City Clerk's final decision, plaintiffs filed a complaint in district court against the City Clerk, the City Manager, the Mayor, and the members of the City Council (collectively, Sheridan) pursuant to section 31-11-110(3), C.R.S. 2017 ("The determination as to petition sufficiency may be reviewed by the district court for the county in which such municipality or portion thereof is located upon application of the protester, [or] the

1

persons designated as representing the petition proponents pursuant to section 31-11-106(2).").  The district court dismissed the case for lack of subject matter jurisdiction because plaintiffs had failed to file the case within the twenty-eight-day time limit of C.R.C.P. 106, the rule which is plaintiffs' only avenue for judicial review of the decision they challenge.[1]

## II.  Discussion

¶ 4     Plaintiffs concede that Rule 106(b)'s twenty-eight-day jurisdictional bar applies, and that they filed their case thirty-five days after the relevant final decision.  But they argue that the district court's strict application of the twenty-eight-day time limit to them as pro se parties pursuing their constitutional right of initiative deprived them of that right.  Put another way, they argue

---

[1] The district court also ruled that C.R.C.P. 6(b), which allows it to grant extensions of time for "excusable neglect," didn't authorize it to extend a jurisdictional deadline like the one in C.R.C.P. 106.  We don't address this issue because plaintiffs don't raise it on appeal. But even if they did, the law is clear that mistake or ignorance of the law doesn't constitute excusable neglect.  *See Goodman Assocs., LLC v. WP Mountain Props., LLC,* 222 P.3d 310, 321-22 (Colo. 2010); *People v. Alexander,* 129 P.3d 1051, 1056 (Colo. App. 2005); *see also Farmers Ins. Grp. v. Dist. Court,* 181 Colo. 85, 89, 507 P.2d 865, 867 (1973) ("Failure to act due to carelessness and negligence is not excusable neglect.").

that Rule 106(b) is unconstitutional as applied to their circumstances. Their argument fails.

## A. Standard of Review

¶ 5 We review challenges to the constitutionality of statutes and rules, including as-applied challenges, de novo. *Hickman v. Catholic Health Initiatives*, 2013 COA 129, ¶ 6; *see also Turney v. Civil Serv. Comm'n*, 222 P.3d 343, 347 (Colo. App. 2009) (reviewing a void for vagueness challenge to an administrative rule de novo).

## B. As-Applied Unconstitutionality

¶ 6 When asserting an as-applied challenge, the party "contends that the statute would be unconstitutional under the circumstances in which the [party] has acted or proposes to act." *Sanger v. Dennis*, 148 P.3d 404, 410-11 (Colo. App. 2006) (citation omitted); *see also Developmental Pathways v. Ritter*, 178 P.3d 524, 534 (Colo. 2008). "The practical effect of holding a statute unconstitutional as applied is to prevent its future application in a similar context, but not to render it utterly inoperative." *Developmental Pathways*, 178 P.3d at 534 (quoting *Sanger*, 148 P.3d at 410).

## C. Analysis

¶ 7 Rule 106(b) says that "a complaint seeking review under subsection (a)(4) of this Rule shall be filed in the district court not later than 28 days after the final decision of the body or officer."[2] Plaintiffs filed their complaint thirty-five days after the final decision, mistakenly believing they could seek review pursuant to section 24-4-106, C.R.S. 2017, which governs challenges to certain "agency actions."

¶ 8 The "time requirement in C.R.C.P. 106(b) is jurisdictional and a complaint to review the actions of an inferior tribunal will be dismissed if it is not filed within thirty days after final action by that tribunal." *Danielson v. Zoning Bd. of Adjustment*, 807 P.2d 541, 543 (Colo. 1990); *see also Baker v. City of Dacono*, 928 P.2d 826, 827 (Colo. App. 1996) ("[B]ecause th[e] thirty-day filing requirement is jurisdictional, a C.R.C.P. 106(a)(4) action not filed within the . . . limitations period *must* be dismissed for lack of subject matter

---

[2] Rule 106(a)(4) provides for review "[w]here any governmental body or officer or any lower judicial body exercising judicial or quasi-judicial functions has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy otherwise provided by law . . . ." Plaintiffs correctly concede that this rule applies, and therefore we needn't address whether the clerk's action was quasi-judicial.

jurisdiction.") (emphasis added); *Crawford v. State, Dep't of Corr.*, 895 P.2d 1156, 1158 (Colo. App. 1995) (upholding dismissal of inmate's two-day late complaint as untimely under Rule 106 because "failure to comply with the . . . limitations period divests the district court of subject matter jurisdiction to hear the action").[3] Nothing in the rule countenances any exceptions.

¶ 9 Though recognizing this, plaintiffs argue that Rule 106(b)'s jurisdictional time limit can't be applied to their pursuit of their right of initiative guaranteed by the Colorado Constitution. *See* Colo. Const. art. V, §1(2) ("The first power hereby reserved by the people is the initiative."). This is so, they say, because applying the limit "narrows" the right. With this we can't agree.

¶ 10 We begin by observing that plaintiffs' pro se status doesn't affect our analysis. It is widely understood that although courts should liberally construe pro se parties' pleadings, pro se parties must comply with procedural rules to the same extent as parties represented by attorneys.

> As the United States Supreme Court observed
> in *McNeil v. United States*, 508 U.S. 106 . . .

---

[3] Rule 106(b)'s time limit was thirty days when the cited cases were decided.

(1993), "[the Supreme Court] ha[s] never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." Accordingly, "pro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994).

*Dewitt v. Hutchins*, 309 F. Supp. 2d 743, 748-49 (M.D.N.C. 2004); *see also Manka v. Martin*, 200 Colo. 260, 267, 614 P.2d 875, 880 (1980) ("A litigant is permitted to present his own case, but, in so doing, should be restricted to the same rules of . . . procedure as is required of those qualified to practice law before our courts; otherwise, ignorance is unjustly rewarded." (quoting *Knapp v. Fleming*, 127 Colo. 414, 415, 258 P.2d 489, 489-90 (1953))).

¶ 11 No Colorado appellate decision has addressed the precise issue before us — whether a generally applicable, jurisdictional deadline may be unconstitutional when applied to parties seeking to exercise a constitutional right. But analogous case law establishes the general principle that the state may impose reasonable time limits on the exercise of a constitutional right.

¶ 12 For example, the state may impose reasonable time limits for criminal defendants to seek habeas corpus relief. *People v.*

*Wiedemer*, 852 P.2d 424, 434-35 (Colo. 1993); *see also People ex rel. Wyse v. Dist. Court*, 180 Colo. 88, 92, 503 P.2d 154, 156 (1972) ("Although the privilege of the writ of habeas corpus is constitutionally guaranteed, the procedural mechanism for its exercise may change."). Similarly, the state may require pro se defendants in criminal cases to adhere to procedural rules, though their cases often implicate constitutional rights. *See People v. Romero*, 694 P.2d 1256, 1266 (Colo. 1985) ("By electing to represent himself the defendant subjected himself to the same rules, procedures, and substantive law applicable to a licensed attorney."); *see also Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."); *United States v. Hill*, 826 F.2d 507, 508 (7th Cir. 1987) ("The Supreme Court has not held or even hinted that a defendant's own neglect, or that of his lawyer, extends a jurisdictional time limit.").

¶ 13    And in the civil context, courts have consistently rejected arguments that statutes of limitations deny parties their constitutional right of access to the courts. *Ciccarelli v. Carey Canadian Mines, Ltd.*, 757 F.2d 548, 554 (3d Cir. 1985) ("There is

no absolute and unlimited constitutional right of access to courts. All that is required is a reasonable right of access — a reasonable opportunity to be heard."); *see also Wilson v. Giesen*, 956 F.2d 738, 744 (7th Cir. 1992) ("Further, the fundamental right of access to the courts has not been burdened here, as the mere shortening of the limitations period would not have prevented plaintiff from maintaining his claim, had he done so in a timely fashion.").

¶ 14     We are also guided by the supreme court's decision in *Van Sickle v. Boyes*, 797 P.2d 1267 (Colo. 1990).  In that case, the court held that Rule 106(a)(4)'s abuse of discretion standard of review doesn't deny parties due process.  *Id.* at 1273-74.  The court reasoned, in part, that, while the less deferential standard of review proposed by the plaintiff would indeed provide for closer judicial scrutiny of governmental decisions, "[j]udicial efficiency is promoted" by the abuse of discretion standard, and the standard doesn't deprive parties of fundamental fairness.  *Id.* at 1274.

¶ 15     Parties seek to vindicate constitutional rights in court all the time.  But there is simply no authority for the notion that a court or legislature can't impose time limits for doing so.  So long as such a time limit doesn't unduly burden the exercise of a constitutional

8

right, it is permissible. Plaintiffs haven't shown that the twenty-eight day deadline imposed by Rule 106(b) unduly burdens their constitutional right of initiative.

¶ 16    Indeed, at oral argument plaintiffs' counsel conceded that twenty-eight days is not an inherently unreasonable time for requiring action under Rule 106(a)(4), even when a constitutional right is at stake. It becomes unreasonable, counsel argued, because the General Assembly has allowed greater time periods for challenging other types of government actions that don't necessarily implicate constitutional rights. *See* § 24-4-106(4) (a party desiring to challenge final agency action in court has thirty-five days from such action to do so). We aren't persuaded, however, that a reasonable time period for filing one kind of case is transformed into an unreasonable one merely because other time periods for filing other types of cases are longer. The fact that there is a range of time periods for filing court actions doesn't render the shortest such period unreasonable, or constitutionally suspect. To put a finer point on it, parties seeking to vindicate constitutional rights aren't constitutionally entitled to a filing period at least as long as the longest period provided for filing any type of action.

¶ 17    Lastly, we conclude that *Loonan v. Woodley*, 882 P.2d 1380 (Colo. 1994), on which plaintiffs rely, is distinguishable. In that case, the supreme court held that constitutional and statutory provisions governing the initiative process should be liberally construed to avoid narrowing the constitutional right of initiative. *Id.* at 1384, 1386; *see also Griff v. City of Grand Junction*, 262 P.3d 906, 911 (Colo. App. 2010). But Rule 106(b) is not a provision governing the initiative process; it is a procedural rule of general applicability. *See People in Interest of B.C.*, 981 P.2d 145, 149 (Colo. 1999) ("This interpretation of Rule 106 is consistent with the general principle that the rules of civil procedure are procedural and do not attempt 'to abridge, enlarge, nor modify the substantive rights of any litigants.'" (quoting *Crowley v. Hardman Bros.*, 122 Colo. 489, 498, 223 P.2d 1045, 1049 (1950))). And the rule in no way restricts the constitutional right of initiative.

¶ 18    We therefore conclude that applying Rule 106(b)'s jurisdictional deadline to plaintiffs' petition under Rule 106(a)(4) doesn't deprive them of or unduly burden their constitutional right of initiative.

### III. Conclusion

The judgment is affirmed.

JUDGE FOX and JUDGE FREYRE concur.