24CA1601 Parental Resp Conc KSS 09-11-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1601
Adams County District Court No. 11DR2710
Honorable Teri L. Vasquez, Judge
Honorable Phelicia Kossie, Magistrate

In re the Parental Responsibilities Concerning K.S.S., a Child,

and Concerning Suzanne S. Galan,

Appellant,

and

Christopher A. Smith,

Appellee.

JUDGMENT AFFIRMED

Division VII
Opinion by JUDGE PAWAR
Lum and Taubman*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 11, 2025

Suzanne S. Galan, Pro Se

Everson & Memic Law, LLP, Jasmina Memic, Aurora, Colorado, for Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     Christopher Smith (father) filed a motion against Suzanne Galan (mother) concerning disputes over parenting time for K.S.S. (the child).  After a magistrate granted the motion, mother petitioned the district court for review of the order, which it denied.  Mother appeals the district court's order, and we affirm.

## I.     Relevant Facts

¶ 2     In 2012, the court granted mother sole parenting time and decision-making for the child.  Because of father's criminal history and an active protection order between father and mother, the court imposed conditions that father had to meet before he could ask for parenting time with the child.  Father moved to modify the parenting time order in 2021.

¶ 3     In 2023, after finding that father had complied with the initial conditions, a magistrate granted father's request for unsupervised parenting time in three phases (the 2023 order).  As relevant here, the third phase allowed father and the child to have unsupervised parenting time every other weekend, from after school on Friday until the beginning of school on Monday.  The magistrate ordered mother to give father the name, address, and telephone number for

1

"the child's present and future school" so he could pick the child up from school and drop her off at school once phase three began.

¶ 4        Mother did not ask the district court to review the 2023 order. However, when phase three began, she refused to disclose any information about the child's school. After a contested hearing, mother entered a stipulation, adopted as a court order, modifying father's parenting time and requiring mother to give father information about the child's school by February 2024.

¶ 5        When mother failed to comply with the stipulation, father filed a verified motion concerning parenting time disputes. After two evidentiary hearings, the magistrate found that "there has been a substantial and continued noncompliance with Court Orders" by mother. The magistrate entered sanctions in July 2024, granting father makeup parenting time and fining mother for her failure to disclose information about the child's school (the July 2024 order). Mother petitioned the district court for review of the July 2024 order, which was denied.

II.    Mother's Noncompliance with the Appellate Rules

¶ 6        Mother represents herself on appeal. Doing so can be difficult, which is why we liberally construe pleadings filed by pro se parties.

*See Adams v. Sagee*, 2017 COA 133, ¶ 10.  Nonetheless, "pro se parties must comply with procedural rules to the same extent as parties represented by attorneys." *Id.*

¶ 7    These rules include Colorado Appellate Rule 28.  This rule requires, among other things, that an appellant's opening brief specifically identify the errors they believe were committed by the district court and make arguments with citations to the record and supporting legal authority.  C.A.R. 28(a)(7)(B).

¶ 8    Mother's opening brief is largely noncompliant with C.A.R. 28.  It is not our burden to locate and synthesize the relevant facts, arguments, and legal authority.  *Castillo v. Koppes-Conway*, 148 P.3d 289, 291 (Colo. App. 2006) (the reviewing court may decline to review issues where the opening brief fails to identify specific errors or provide legal authority).  Recognizing that mother is representing herself, we will exercise our discretion to construe mother's brief broadly and address the issues we can identify.  *See O'Quinn v. Baca*, 250 P.3d 629, 631 (Colo. App. 2010) (the reviewing court may exercise its discretion to review issues when appellate rules are not followed).  However, we will not consider factual allegations made in mother's opening brief that we cannot locate in the appellate record.

*See McCall v. Meyers*, 94 P.3d 1271, 1272 (Colo. App. 2004) (reviewing court is bound by the record presented and may consider only arguments and assertions supported by the evidence in the record).

### III.  Mother's Motion to Modify Parenting Time

¶ 9  As best we understand it, mother first contends that the magistrate did not comply with the address confidentiality program when it ordered her to give father information about the child's school.  We disagree.

¶ 10  Section 24-30-2101 to -2115, C.R.S. 2025 (the address confidentiality program) governs the procedure courts must follow when victims of domestic violence and certain other crimes request their address be kept confidential.  When father asked for parenting time in 2021, mother notified the court of her participation in the address confidentially program and objected to giving father information about the child's school.  The magistrate addressed mother's concern when it granted father's motion for parenting time in the 2023 order.  At that time, the magistrate found that disclosure of the child's school information was "required in the interests of justice and that the potential harm to the program

4

participant is substantially outweighed by the public interest in the disclosure and that no other alternative would satisfy that necessity." The magistrate's finding used the language required by the address confidentiality program. *See* § 24-30-2111, C.R.S. 2025 (explaining when a person can be compelled to disclose information related to a program participant's residence, work, or school).

¶ 11    Judgments not appealed become final and binding on the parties. *See Karr v. Williams*, 50 P.3d 910, 912 (Colo. 2002). Mother did not ask the district court to review the 2023 order. *See* C.R.M. 7(a) (a party has fourteen days to appeal an order or judgment entered by a magistrate).

¶ 12    So after the 2023 order, even though mother is a participant in the address confidentiality program, she nevertheless is required to give father information about the child's school so that he could exercise parenting time with the child. The magistrate's July 2024 order that mother must comply with the terms of the 2023 order does not give mother a second chance to appeal those underlying terms. *See In re Marriage of Tognoni*, 313 P.3d 655, 658 (Colo. App.

2011) (timely appeal from later orders does not bring up the court's previous final orders for review).

IV.  Mother's Motion Concerning Parenting Time Disputes and Mother's Motion for Reconsideration

¶ 13    As we understand it, mother next contends that the magistrate did not resolve safety concerns before ordering parenting time for father.  Although mother doesn't directly refer to the makeup parenting time ordered in the July 2024 order, she cites the transcript from that hearing.  For that reason, we construe her argument as a claim that the magistrate erred when she ordered makeup parenting time for father as a sanction for her refusal to follow the 2023 order.

¶ 14    We discern no error.

A.  Appellate Standard of Review

¶ 15    Our review of a district court's order reviewing a magistrate's order is effectively a second layer of appellate review, and we must accept a magistrate's factual findings unless they are clearly erroneous.  *In re Marriage of Thorburn*, 2022 COA 80, ¶ 25; *see* C.R.M. 7(a)(9).  A court's factual findings are clearly erroneous only if there is no record support for them.  *Thorburn*, ¶ 25.  We review

the magistrate's legal conclusions de novo.  *See In re Parental Responsibilities Concerning S.Z.S.*, 2022 COA 105, ¶ 11.

## B.   Governing Law

¶ 16   Section 14-10-129.5, C.R.S. 2025, allows a parent to file a motion with the court when the other parent is not complying with a parenting time order or schedule.  If, after a hearing, the court finds that a party has not complied with a parenting time order, it may, in the best interests of the child, impose remedial orders. § 14-10-129.5(1), (2)(b).  As relevant here, one remedial order that the court can enter is for makeup parenting time for the aggrieved parent and child.  § 14-10-129.5(2)(d).  Makeup parenting time must be "of the same type and duration of parenting time as that which was denied" and must be completed within six months after the noncompliance happened.  § 14-10-129.5(2)(d)(I), (II).

## C.   Analysis

¶ 17   In her petition for review of the magistrate's order, mother referred the district court to the legislative declaration for House Bill 21-1228, which, among other things, directs domestic relations courts to consider domestic violence and "resolve safety risks . . . first as a fundamental consideration in determining the best

interests of the child before assessing other best interest factors." Ch. 292, sec. 1, 2021 Colo. Sess. Laws 1728.

¶ 18     It is clear from the July 2024 order that the magistrate considered the child's safety when ordering makeup parenting time for the child and father.  In response to mother's concerns, the magistrate found that "the child is not endangered by contact with [father] and [father] is not a threat to the child's physical safety or her emotional well[-]being."  We presume that the magistrate considered all the evidence presented during the hearing when making this finding.  *See In re Marriage of Udis*, 780 P.2d 499, 503-04 (Colo. 1989) (appellate court may presume that the district court considered evidence presented, even if order does not expressly say that it did so).

¶ 19     We also presume that the record supports the magistrate's findings that the child was safe with father.  This is because mother did not submit a transcript of the hearing to the district court when she asked for a review of the magistrate's order.  *See* C.R.M. 7(a)(9) ("The failure of the petitioner to file a transcript of the proceedings before the magistrate is not grounds to deny a petition for review but, under those circumstances, the reviewing judge shall presume

that the record would support the magistrate's order").  Even though mother provided a transcript on appeal, we may not consider it.  *See In re Marriage of Dean*, 2017 COA 51, ¶ 14 (our review of the district court's order is limited to the record that was before the district court).

¶ 20 We therefore discern no error in the magistrate's finding that the child's safety and well-being were not at risk during parenting time with father.

¶ 21 The magistrate found that mother violated the 2023 order by failing to disclose information about the child's school and withholding the child from parenting time with father.  Mother does not challenge these findings.  The makeup time ordered was for unsupervised weekends (the same type and length of the parenting time that mother withheld) and was ordered to take place on specific dates (within six months after the noncompliance occurred).  The order therefore complied with the requirements of section 14-10-129.5.

¶ 22 We therefore discern no error in the magistrate's order for makeup parenting time between the child and father.

## V.    Mother's Other Claims

¶ 23    Mother also asks this court to (1) consider father's psychological report, (2) unseal the parental risk assessment, and (3) order supervised visitation between the child and father.

¶ 24    We may not address these issues.  These requests were not made to — or ruled on by — either the magistrate or the district court in the July 2024 order that mother is appealing.  "The purpose of an appellate court is to [r]eview judgments, not to make them for the trial court."  *In re Org. of N. Chaffee Cnty. Fire Prot. Dist.*, 544 P.2d 637, 638 (Colo. 1975).  Instead, our appellate jurisdiction is limited to review of final judgments or orders made by the district court.  *In re Marriage of Evans*, 2021 COA 141, ¶ 11; *see also* § 13-4-102(1), C.R.S. 2025 (generally granting jurisdiction to the court of appeals to hear appeals from "final judgments" made by district courts); C.A.R. 1(a)(1) (same).  As there are no final judgments or orders addressing these issues, we may not review them.

## VI.    Conclusion

¶ 25    The judgment is affirmed.

JUDGE LUM and JUDGE TAUBMAN concur.

10