24CA0765 Peo v Sharp 09-25-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0765
Adams County District Court No. 11CR1307
Honorable Patrick H. Pugh, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Harley David Sharp,

Defendant-Appellant.

---

ORDER AFFIRMED

Division VI
Opinion by JUDGE SULLIVAN
Welling and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 25, 2025

---

Philip J. Weiser, Attorney General, Marixa Frias, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Harley David Sharp, Pro Se

¶ 1     Defendant, Harley David Sharp, appeals the district court's order denying his most recent Crim. P. 35(c) motion without a hearing. We affirm.

## I.     Background

¶ 2     A jury convicted Sharp of sexual assault on a child, sexual assault on a child as part of a pattern of abuse, and sexual assault on a child by one in a position of trust based on allegations that he had sexually assaulted his daughter. The district court sentenced Sharp to twenty-four years to life in the custody of the Department of Corrections. A division of this court affirmed his convictions on direct appeal. *See People v. Sharp*, (Colo. App. No. 13CA1761, June 11, 2015) (not published pursuant to C.A.R. 35(f)) (*Sharp I*). Sharp's convictions became final when the mandate issued on March 25, 2016.

¶ 3     Sharp filed a timely pro se Crim. P. 35(c) motion alleging various claims of ineffective assistance of trial counsel and appellate counsel, and sought a new trial based on newly discovered evidence. Postconviction counsel was appointed and supplemented Sharp's pro se motion. The district court held an evidentiary hearing and vacated Sharp's judgment of conviction and sentence.

The prosecution appealed, and a division of this court reversed the district court and reinstated Sharp's judgment of conviction and sentence. *See People v. Sharp*, 2019 COA 133, ¶ 26 (*Sharp II*).

¶ 4    Two years later, Sharp filed his second pro se Crim. P. 35(c) motion, alleging, as relevant here, various claims of ineffective assistance of trial, appellate, and postconviction counsel. The district court denied the motion and a division of this court affirmed. *See People v. Sharp*, (Colo. App. No. 22CA1413, Nov. 16, 2023) (not published pursuant to C.A.R. 35(e)) (*Sharp III*).

¶ 5    Days after Sharp appealed the district court's denial of his second Crim. P. 35(c) motion, he filed the pro se Crim. P. 35(c) motion at issue in this appeal. In it he asserted that postconviction counsel from his initial Crim. P. 35(c) motion was ineffective for failing to (1) interview or subpoena a private investigator and detective involved in the investigation of the underlying offenses; (2) litigate all his postconviction claims; (3) file a motion for disclosure of "[i]mpeaching [i]nformation"; and (4) adequately cross-examine trial counsel at the postconviction hearing. Because the district court did not have jurisdiction to consider the motion given the pending appeal in *Sharp III*, the court held the matter in abeyance

2

but allowed Sharp to supplement his motion to attempt to establish justifiable excuse or excusable neglect. Sharp did so and, following the issuance of the mandate in *Sharp III*, the court denied Sharp's motion in a written order. The court determined that the motion was both untimely and successive, or in the alternative, failed on the merits.

¶ 6    Sharp appeals, claiming that the district court erred by denying his motion without a hearing. Because his motion is successive, we disagree with Sharp.

## II.    Analysis

¶ 7    We review de novo the denial of a Crim. P. 35(c) motion for postconviction relief without an evidentiary hearing. *See People v. Cali*, 2020 CO 20, ¶ 14. Likewise, we review de novo whether a postconviction claim is successive. *People v. Thompson*, 2020 COA 117, ¶ 42.

¶ 8    Generally, a district court must deny any claim that was raised and resolved, or that could have been presented, in a prior appeal or postconviction proceeding. *See* Crim. P. 35(c)(3)(VI), (VII). All of Sharp's claims concerned the alleged ineffective assistance of postconviction counsel from his first Crim. P. 35(c) motion.

Because Sharp could have raised each of these claims in his second Crim. P. 35(c) motion, which was filed following the conclusion of *Sharp II*, they are successive. *See* Crim. P. 35(c)(3)(VII).

¶ 9     We are unpersuaded by Sharp's argument on appeal that these claims are "most definitely not successive" because "[t]here are no limitations to how many petitions a defendant may file." Crim. P. 35 proceedings are intended to prevent injustices after conviction and sentencing, not to provide perpetual review. *People v. Rodriguez*, 914 P.2d 230, 249 (Colo. 1996). When Sharp filed his second Crim. P. 35(c) motion following the conclusion of his initial postconviction proceeding, the rule required that he include all of his postconviction claims relating to that proceeding in the motion. *See* Crim. P. 35(c)(3)(VII); *People v. Taylor*, 2018 COA 175, ¶ 20; *see also Adams v. Sagee*, 2017 COA 133, ¶ 12 ("[T]he state may require pro se defendants in criminal cases to adhere to procedural rules, though their cases often implicate constitutional rights.").

¶ 10     We also reject Sharp's assertion that his claims are not successive because he "qualifies for [j]ustifiable [e]xcuse." While Crim. P. 35(c)(3)(VII) contains five exceptions to the successiveness bar, justifiable excuse and excusable neglect aren't among them.

*See* Crim. P. 35(c)(3)(VII)(a)-(e); *see also Thompson*, ¶ 45 (explaining that, although the time bar for Crim. P. 35(c) motions contains an exception for justifiable excuse and excusable neglect, the successiveness bar doesn't). Nor do we perceive any exception that might otherwise apply. Sharp's claims could have been raised in his second Crim. P. 35(c) motion. *See* Crim. P. 35(c)(3)(VII). Because they weren't, they are successive and the district court correctly denied them.

¶ 11 Accordingly, because Sharp's motion is successive, the district court didn't err by denying it without appointing counsel or holding an evidentiary hearing. *See People v. Zuniga*, 80 P.3d 965, 973 (Colo. App. 2003). Having so concluded, we need not address whether the court properly denied Sharp's motion as untimely. *See Thompson*, ¶ 55 n.7 (an appellate court may affirm a district court's ruling on any ground supported by the record).

### III.  Disposition

¶ 12 We affirm the order.

JUDGE WELLING and JUDGE GOMEZ concur.