24CA0866 Peo v Vigil 01-22-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0866
Jefferson County District Court No. 18CR987
Honorable Christopher C. Zenisek, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Marcus Anthony Vigil,

Defendant-Appellant.

ORDER AFFIRMED

Division A
Opinion by CHIEF JUDGE ROMÁN
Graham* and Taubman*, J.J., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 22, 2026

Philip J. Weiser, Attorney General, Patrick A. Withers, Assistant Solicitor
General and Senior Assistant Attorney General, Denver, Colorado for Plaintiff-
Appellee

Nicole M. Mooney, Alternate Defense Counsel, Golden, Colorado for Defendant-
Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1 Defendant, Marcus Anthony Vigil, appeals the denial of his Crim. P. 35(c) motion without a hearing. We affirm.

## I. Background

¶ 2 A jury convicted Vigil of aggravated robbery, identity theft, first degree aggravated motor vehicle theft, menacing, and theft. He was acquitted of a second aggravated robbery count. Before sentencing, the prosecution agreed to dismiss the charged habitual criminal counts. In exchange, Vigil agreed to a thirty-two-year sentence in the Department of Corrections and waived his right to appeal and to seek relief under Crim. P. 35(b). On May 2, 2019, the district court accepted the agreement, and sentenced Vigil to the thirty-two-year sentence.

¶ 3 Almost five years later, Vigil filed a pro se motion for postconviction relief under Crim P. 35(c). Vigil checked a box on his postconviction motion stating that the motion was not filed within the time limits set forth in section 16-5-402(1), C.R.S. 2025, but that his failure to seek relief within the applicable period was the result of circumstances amounting to justifiable excuse or excusable neglect. Beyond checking this box, Vigil did not provide any facts to support this allegation in his motion. He also

1

requested the appointment of postconviction counsel, claiming that he received ineffective assistance of counsel because his attorney failed to appeal his conviction.

¶ 4 The postconviction court denied the Crim. P. 35(c) motion without appointing counsel or holding an evidentiary hearing. The court found that the motion was untimely and failed to allege facts showing justifiable excuse or excusable neglect. The court further found that Vigil's ineffective assistance of counsel claim failed on the merits because it did not allege insufficient performance or prejudice.

## II. Discussion

¶ 5 Crim. P. 35(c) motions must be brought within three years of a defendant's non-class 1 felony conviction unless, for example, the defendant has justifiable excuse or excusable neglect for the late filing. § 16-5-402(1). Because Vigil missed that deadline by almost two years, he needed to allege, as relevant here, facts that if true, established justifiable excuse or excusable neglect for the late filing. *See* § 16-5-402(2)(d); *see also People v. Clouse*, 74 P.3d 336, 340 (Colo. App. 2002) (noting that it is the defendant's burden to allege and establish justifiable excuse or excusable neglect). And that

2

determination "will generally depend on the specific factual allegations advanced in [the defendant's] motion." *People v. Hinojos,* 2019 CO 60, ¶ 17.

¶ 6     We review de novo whether a motion for postconviction relief alleged facts that, if true, would constitute justifiable excuse or excusable neglect, thereby entitling the defendant to a hearing on the applicability of that exception to the time bar. *See id.* at ¶ 12.

¶ 7     For several reasons, we conclude that the postconviction court did not err by denying Vigil's motion without appointing counsel to investigate and supplement his claim.

¶ 8     First, beyond checking the relevant box on the form of the motion, Vigil said nothing about justifiable excuse or excusable neglect in his pro se motion. Even the facts he alleged as part of his substantive claim — counsel's failure to perfect his appeal — said nothing about why he took almost two years beyond the statutory deadline to seek postconviction relief. But the plain language of the rule requires that "[a]ny motion filed outside of the time limits set forth in § 16-5-402 . . . *shall allege facts* which, if true, would establish one of the exceptions listed in § 16-5-402(2)." Crim. P. 35(c)(3)(I) (emphasis added). Because the motion was facially

untimely and did not allege facts demonstrating justifiable excuse or excusable neglect (or any other applicable exception under section 16-5-402(2)), the court was justified in summarily denying it under Crim. P. 35(c)(3)(IV) without appointing counsel. *See* Crim. P. 35(c)(3)(IV) ("The court shall promptly review all motions" and "should consider, among other things, whether the motion is timely pursuant to § 16-5-402."); *see also People v. Wiedemer*, 852 P.2d 424, 440 n.15 (Colo. 1993) ("[A] Crim. P. 35(c) motion must allege facts that if true would establish justifiable excuse or excusable neglect in order to entitle the moving party to a hearing on the applicability of this exception to the time bar of § 16-5-402(1).").

¶ 9    Second, we disagree with Vigil's argument that, given his pro se status, checking the box to indicate circumstances amounting to justifiable excuse or excusable neglect was singularly sufficient to trigger the appointment of counsel. We are not aware of any authority supporting this argument. Rather, pro se defendants must comply with the same statutory deadlines as represented parties. *See Adams v. Sagee*, 2017 COA 133, ¶ 10. And a defendant's "[i]gnorance or misunderstanding of the law and lack of legal assistance does not excuse the late filing of a Crim. P. 35(c)

motion." *People v. Green*, 36 P.3d 125, 128 (Colo. App. 2001).

Further, the box Vigil checked to indicate that his failure to seek

postconviction relief fell within section 16-5-402(2)(d)'s exception to

the time bar specifically instructed him to "state the facts that

relate to [this] exception," which he did not do.

¶ 10     Nor do we agree with Vigil's suggestion that the strength of the

claims raised in a pro se defendant's motion excuses

noncompliance with the rule. As the People point out, the only way

to detect a meritorious claim is to review the claim's merits. And

the General Assembly enacted the time-bar statute precisely to

"reduce the availability of postconviction review to the extent

constitutionally permissible." *Robbins v. People*, 107 P.3d 384, 388

(Colo. 2005).

¶ 11     Because Vigil does not allege any facts that, if true, would

establish justifiable excuse or excusable neglect, we conclude that

the postconviction court correctly denied his Crim. P. 35(c) motion

without a hearing.

### III.     Disposition

¶ 12     The order is affirmed.

JUDGE GRAHAM and JUDGE TAUBMAN concur.