25CA1407 Salter v State of Colorado 06-18-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1407
City and County of Denver District Court No. 25CV223
Honorable Heidi L. Kutcher, Judge

---

Adam J. Salter,

Plaintiff-Appellant,

v.

State of Colorado,

Defendant-Appellee.

---

JUDGMENT AFFIRMED

Division III
Opinion by JUDGE FREYRE
Johnson and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 18, 2026

---

Adam J. Salter, Pro Se

Philip J. Weiser, Attorney General, Andrew M. Katarikawe, Senior Assistant
Attorney General, Denver, Colorado, for Defendant-Appellee

¶ 1     Plaintiff, Adam J. Salter, appeals the district court's order dismissing his complaint for failure to state a claim under C.R.C.P. 12(b)(5).  We affirm.

## I.     Background

¶ 2     In March 2025, Salter filed a complaint naming the State of Colorado (the "State") as the sole defendant.  Salter listed various parties who may have an interest in the action, including Discover CBD, his former employer; Discover CBD's attorney; Salter's former attorney; "medical providers who misdiagnosed Salter"; and various Colorado agency workers and public officials.  Salter alleged that he had been denied damages by the State as it "ha[d] been sheltering [Discover CBD] from liability and assisting them in not faithfully participating in the process, withholding information, making material false statements, and abusing the overall procedures to avoid accountability."  Salter contended that he was "entrapped by [the State] in unsafe and illegal business practices; the interstate trafficking of unsafe cannabis products, unapproved drugs, pet products, food, supplements, and marijuana; and the national opioid crisis; with reckless disregard for the ongoing public health

emergency with regard to CBD and hemp, first declared in March of 2020."

¶ 3    Salter pleaded seven claims for relief: (1) discrimination as a self-represented litigant pursuant to the Colorado Anti-Discrimination Act; (2) attempt to influence a public servant pursuant to section 18-8-306, C.R.S. 2025; (3) medical and disability discrimination pursuant to the Colorado Anti-Discrimination Act; (4) unsafe and illegal business practices pursuant to the Colorado Food and Drug Act; (5) workplace disputes pursuant to the Whistleblower Act; (6) "[o]fficial misconduct pursuant to section 18-8-401 et seq.," C.R.S. 2025; and (7) medical malpractice pursuant to the Health Care Availability Act.

¶ 4    In May 2025, the State filed a motion to dismiss Salter's action under Rule 12(b)(5).  The State argued that all of Salter's allegations were conclusory and that the complaint "did not contain a single supporting fact that, if proven, would show that the State of Colorado violated any law."

¶ 5    Salter responded that his claims, "if true, suggest[ed] that many of the known parties ha[d] claims against the parties and

each other," and that Colorado preferred "clear and simple claims . . . rather than in-depth specifics that give cause to the expansion of proceedings or additional cause-for-action."

¶ 6    In its reply in support of the motion to dismiss, the State argued that Salter, having been alerted to the deficiencies in his pleadings, had an opportunity to "show how his averments of material facts, viewed in the light most favorable to him, plausibly stated claims for relief."  The State asked the district court to grant the motion and dismiss the action in its entirety.

¶ 7    The district court granted the State's motion to dismiss Salter's action.  In doing so, the court ruled as follows:

- *Issue 1: Discrimination as a self-represented litigant pursuant to the Colorado Anti-Discrimination Act.*  To establish a claim of discrimination, a plaintiff must show (1) he belongs to a protected class; (2) he was denied full and equal enjoyment of a place of public accommodation; (3) the denial was because of his protected class; and (4) he suffered damages.  § 24-34-601(2)(a), C.R.S. 2025.  Salter alleged that he was discriminated against as a self-represented litigant referring to Chief Justice

3

Directive 13-01.[1]  A protected class, as illustrated in section 24-34-601(2)(a), refers to a person's "disability, race, creed, color, sex, sexual orientation, gender identity, gender expression, marital status, national origin, or ancestry."  Salter failed to allege facts that establish he belonged to a protected class as required to establish a claim of discrimination under section 24-34-601(2)(a).

- *Issue 2: Attempt to influence a public servant pursuant to section 18-8-306.*  To prevail on a claim of an attempt to influence a public servant, a plaintiff must demonstrate that there was "(1) an attempt to influence a public servant; (2) by means of deceit or by threat of violence or economic reprisal; and (3) with the intent to alter or affect the public servant's decision or action."  *People v. Van De Weghe*, 2012 COA 204, ¶ 13 (citation omitted).  Salter did

---

[1] Chief Justice Directive 13-01, Directive Concerning Colorado Courts' Self-Represented Litigant Assistance, p. 1 (effective June 12, 2013), https://perma.cc/8AKF-8C4A, "concerns assistance provided by Clerks, Family Court Facilitators, Self-Represented Litigant Coordinators, and others to litigants or potential litigants in non-criminal matters."

not claim that Discover CBD was a public company or that he had been a public employee. Further, Salter "does not point to an instance in which the State ever made an attempt to influence its public servants, aside from saying '[p]ublic [e]mployees have issued statements sheltering public employees and private parties.'" Therefore, Salter did not provide any factual allegations to establish that "the State attempted to influence a public servant with the intent to alter or affect the public servant's decision or action" as required to by section 18-8-306.

- *Issue 3: Medical and disability discrimination pursuant to the Colorado Anti-Discrimination Act.* To prevail on a disability discrimination claim pursuant to the Colorado Anti-Discrimination Act, the plaintiff must show that (1) he has a disability; (2) he was excluded from participation in or denied benefit of services, programs, or activities; (3) a place of public accommodation, a public entity, or a state agency excluded or denied him; and (4) he was denied or excluded by reason of his

5

disability. § 24-34-802(1)(b), C.R.S. 2025. Salter did not show that he was excluded from participation at a place of public accommodation, a public entity, or a state agency or that he was excluded from participation in Colorado's judicial system. Further, despite arguing that he was "denied relief" through his lawsuits by the State, Salter offered no factual allegations to support the essential element that he was denied anything by reason of disability.

- *Issue 4: Unsafe and illegal business practices pursuant to the Colorado Pure Food and Drug Act.* To successfully assert a claim of unsafe and illegal business practices under the Colorado Food and Drug Act, a plaintiff must demonstrate that the defendant engaged in practices that violate the specific provisions of the Act. § 25-5-403(1), C.R.S. 2025. Salter did not assert facts that the State played any role in Discover CBD's manufacture, sale, and distribution of CBD and hemp products.

- *Issue 5: Workplace disputes pursuant to the Whistleblower Act.* Under section 8-4-120(1), C.R.S. 2025, only an

6

employer is subject to liability for a violation. Salter cannot prevail on this claim because he did not allege that he was employed by the State. Additionally, section 8-14.4-102, C.R.S. 2025, provides that, a "principal shall not discriminate . . . or retaliate against any worker . . . raising any reasonable concern about workplace violations of government health or safety rules." Salter did not plead any facts supporting his allegation that the State retaliated or discriminated against him for not raising health and safety concerns. Therefore, Salter did not plead sufficient facts to prevail under section 8-4-120 or 8-14.4-102.

- *Issue 6: Official misconduct pursuant to section 18-8-401.*[2] To prevail on a claim brought under section 18-8-401, the plaintiff must prove "that the defendant 'knowingly obtain[ed], retain[ed], or exercise[d] control over anything of value of another without authorization or by threat or deception' and . . . that the defendant [i]ntend[ed] to

---

[2] In its order, the district court mistakenly cited section 18-4-401, the theft statute.

deprive the other person permanently of the use or benefit of the thing of value." While Salter argues that the State "conspire[d] with each other" to "show preferential treatment to employers, businesses, in-state litigants," and "discriminate[d] against low income, under privileged, under educated, out of state, and self-represented litigants," he does not identify anything of value which the State allegedly obtained, retained, or exercised control over. Accordingly, Salter failed to allege facts that support a claim for which relief can be granted.

- *Issue 7: Medical malpractice.* To prevail on a claim of medical malpractice, the plaintiff must prove that "(1) the defendant had a legal duty of care; (2) the defendant breached that duty; (3) the plaintiff was injured; and (4) the defendant's breach caused the plaintiff's injury." *Maldonado v. GeneDx, Inc.*, 2024 COA 121, ¶ 33. A principal may also be vicariously liable for its agent's malpractice, so long as the agent is not an independent contractor. *See Daly v. Aspen Ctr. for Women's Health, Inc.*, 134 P.3d 450, 452 (Colo. App. 2005). Taking all

facts in the light most favorable to Salter, the State could be vicariously liable for alleged malpractice occurring at University of Colorado Health and Memorial Hospital but, without further facts in support of a physician's negligence, a misdiagnosis cannot prove liability. *See Day v. Johnson*, 255 P.3d 1064, 1069 (Colo. 2011).

¶ 8    On appeal, Salter raises three issues: (1) "Rights, Privileges, and Protections for Self-Represented Litigants"; (2) Initial Disclosure and notice of claim against public entity"; and (3) "Obstructive Use of C.R.C.P. 12 Motion to Dismiss." We address and reject each contention.

II.    Motion to Dismiss

¶ 9    Salter contends that the district court erred by granting the State's motion to dismiss. We disagree.

A.    Standard of Review and Applicable Law

¶ 10    We review de novo a district court's ruling on a Rule 12(b)(5) motion to dismiss for failure to state a claim upon which relief may be granted, applying the same standards as the trial court. *Norton v. Rocky Mountain Planned Parenthood, Inc.*, 2018 CO 3, ¶ 7.

¶ 11    The purpose of a Rule 12(b)(5) motion to dismiss is to test the formal sufficiency of a plaintiff's complaint. *Wagner v. Grange Ins. Ass'n,* 166 P.3d 304, 306 (Colo. App. 2007).  A plaintiff must plead sufficient facts that, if taken as true, establish plausible grounds to support a claim for relief. *Patterson v. James*, 2018 COA 173, ¶ 23 (citing *Warne v. Hall*, 2016 CO 50, ¶ 24).  Rule 12(b)(5) motions are generally viewed with disfavor. *Pub. Serv. Co. of Colo. v. Van Wyk*, 27 P.3d 377, 386 (Colo. 2001).

¶ 12    To resolve a Rule 12(b)(5) motion, a court may consider matters stated within the complaint itself, *Van Wyk*, 27 P.3d at 386, and documents attached to or referred to within the complaint, *Prospect Dev. Co. v. Holland & Knight, LLP*, 2018 COA 107, ¶ 11. The court must accept as true the factual allegations in the complaint, viewing them in the light most favorable to the plaintiff. *Norton*, ¶ 7.  But the court is not required to accept as true bare legal conclusions, *id.*, or conclusory statements or allegations lacking any factual support, *see Warne*, ¶ 27.  The court may not weigh evidence or make findings of fact when resolving a Rule 12(b)(5) motion. *Medina v. State*, 35 P.3d 443, 452 (Colo. 2001).

¶ 13    Additionally, we cannot craft arguments for a pro se party. *Johnson v. McGrath*, 2024 COA 5, ¶ 10.  Indeed, a pro se party is held to the same standards as an attorney.  *Cornelius v. River Ridge Ranch Landowners Ass'n*, 202 P.3d 564, 572 (Colo. 2009) ("[P]ro se parties are 'bound by the same rules of civil procedure as attorneys licensed to practice law.'" (citation omitted)).  But because a pro se party's pleadings should be liberally construed, *Adams v. Sagee*, 2017 COA 133, ¶ 10, we address Salter's contentions, as best we can discern them.

## B.    Analysis

¶ 14    Under the heading, "Rights, Privileges, and Protections for Self-Represented Litigants," Salter contends that self-represented litigants have a "series of qualifying 'essential elements' that establish a protected class under section 24-34-601(2)(a)."  To support this assertion, Salter argues that self-represented litigants may be unrepresented because of financial resources.

¶ 15    He argues:

> Based on various case law (such as *Jones v. Williams*[, 2019 CO 61]), Chief [J]ustice [D]irectives, and ongoing legislation changes, this creed of litigant protections regardless of origin or location, that allows for fair use of the

11

judicial branch regardless of income or financial resources establishes [Salter's] claim for relief and warrants proper adjudication of such actionable claims in district court.

¶ 16    Beyond this argument, Salter does not explain how or why he is a member of the group of individuals protected by section 24-34-601(2)(a). Accordingly, we affirm the district court's order on this basis.

¶ 17    Under the heading, "Initial Disclosure and notice of claim against public entity," Salter contends that the dismissal of his claims was "based on material false information" and that "robust disclosures have allowed [the State] an unfair advantage," leaving Salter a "victim to retaliatory discrimination against a protected class . . . where, the Attorney General[']s Office aided and abetted the concealment of claims that warranted relief." However, Salter does not identify the materially false information on which the district court improperly relied, the robust disclosures that have provided the State an unfair advantage, the claims that have been concealed by the Attorney General's Office, or how these items have made him a victim of retaliatory discrimination. Instead, we agree with the district court that his allegations are conclusory.

12

¶ 18 Finally, under the heading, "Obstructive Use of C.R.C.P. 12 Motion to Dismiss," Salter contends that the "unfair advantage gained from disclosure interference seen in issue 2 has caused further injustice that plagues self-represented litigants talked about in Issue 1." More specifically, Salter argues that "these injustices seem mostly unknown to the District Court" and that the court was "left blind to certain claims that waive government immunity." Salter contends that the following claims were "prevented from being put in front of district court because of [the State's] obstructive use of [Rule] 12."

> Claims such as: certain clerical and other mistakes of public employees that have caused injustices (including relating to making accommodations for self-representation); discrimination based on medical record or otherwise confidential, privileged, or protected information; Rules of evidence with regard to such confidential, privileged or protected information and use of lay testimony; Judicial Review of protected activities as protected activities; Colorado Court's ruling in *Demetry* as unconstitutional; Use of electronic court systems by non-attorney.

Salter asserts that his claims "warrant further review in district court" and that he is being "unjustly denied relief," but he does not

specify what relief he is owed or what further district court review may be required.

¶ 19　Construing Salter's arguments liberally, we discern his argument to be that his pro se status makes him a member of a protected class and that the district court's dismissal of his action under Rule 12(b) was improper because it denied him an opportunity for discovery and to pursue his claims on their merits. We disagree.

¶ 20　To establish a claim of discrimination, a plaintiff must show (1) he belongs to a protected class; (2) he was denied full and equal enjoyment of a place of public accommodation; (3) his protected characteristic was the basis for the denial; and (4) he suffered damages. § 24-34-601(2)(a). As the district court stated, a protected class as enumerated in section 24-36-601(2)(a) refers to a person's "disability, race, creed, color, sex, sexual orientation, gender identity, gender expression, marital status, national origin, or ancestry." Salter argues that his protected status is as a pro se litigant, but section 24-36-601(2)(a) does not include pro se litigants as a protected class. Further, Salter has provided no authority that identifies pro se litigants as a protected class.

¶ 21    Additionally, Salter's opening brief does not indicate any place in the record where the court committed error, nor does he cite any authority showing that the district court erred in dismissing his action or explain how the court improperly denied him an opportunity to pursue his action on the merits.  We are not required to accept as true conclusory statements or allegations lacking any factual support, *see Warne*, ¶ 27, and we cannot weigh evidence or make findings of fact when resolving a Rule 12(b)(5) motion, *Medina*, 35 P.3d at 452.  Further, "it is not the duty of the reviewing court to search the record for evidence to support bald assertions." *Brighton Sch. Dist. 27J v. Transamerica Premier Ins. Co.*, 923 P.2d 328, 335 (Colo. App. 1996), *aff'd*, 940 P.2d 348 (Colo. 1997).  Accordingly, we affirm the district court's order dismissing Salter's action under Rule 12(b)(5).

### III.   Abandoned Claims

¶ 22    While we construe pro se filings liberally, that does "not include inventing arguments not made by the pro se party." *Minshall v. Johnson*, 2018 COA 44, ¶ 21.  Salter fails to assert any argument on appeal concerning the following claims: (1) attempt to influence a public servant pursuant to section 18-8-306; (2) medical

and disability discrimination pursuant to the Colorado Anti-Discrimination Act; (3) unsafe and illegal business practices pursuant to the Colorado Food and Drug Act; (4) workplace disputes pursuant to the Whistleblower Act; (5) official misconduct pursuant to section 18-8-401; and (6) medical malpractice pursuant to the Health Care Availability Act. Accordingly, we deem any issues related to these claims abandoned. *See Armed Forces Bank, N.A. v. Hicks*, 2014 COA 74, ¶ 38 (arguments raised in the trial court but not pursued on appeal are deemed abandoned).

## IV. Disposition

¶ 23 The judgment is affirmed.

JUDGE JOHNSON and JUDGE KUHN concur.